**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION**

TIMOTHY MINOR,

        Petitioner,

v.                                      CASE NO. 2:15-CV-13247
                                           HONORABLE ARTHUR J. TARNOW
                                           UNITED STATES DISTRICT COURT

FEDERAL BUREAU OF PRISONS,

        Respondent,
_____/

**<u>OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT
OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND
GRANTING PETITIONER LEAVE TO APPEAL IN FORMA PAUPERIS</u>**

    Timothy Minor, (petitioner), is a federal prisoner who is currently incarcerated at the St. Clair County Jail in Port Huron, Michigan under the supervision of the Detroit Residential Reentry Management Office.  Petitioner filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the disciplinary action he received from the Bureau of Prisons (BOP) after being found guilty of violating a prohibited act of using alcohol and the subsequent removal of petitioner's early release date under 28 U.S.C. § 3621(e). Respondent filed a motion to dismiss the petition because petitioner failed to exhaust his administrative remedies.  For the reasons stated below, the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is summarily dismissed without prejudice.

1

## I. Background

Petitioner is serving a 132 month (11 years) prison sentence and five years supervised release for conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, five kilograms or more of cocaine, one kilogram or more of heroin, and 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841 (A)(1), (B)(1)(A)(1) & (III) and (B)(1)(B)(VII); 21 U.S.C. § 846.

On December 20, 2014, petitioner was transferred to a residential treatment center, the Community Treatment Center West (CTCW) in Detroit, Michigan. On June 5, 2015, petitioner was released from CTCW to home confinement. Petitioner was returned to CTCW the next day after a residential counselor filed an incident report charging petitioner with using alcohol. A hearing was conducted before the Center Discipline Committee and petitioner was found guilty of using alcohol. The Center Discipline Committee referred the charge to a Discipline Hearing Officer who reviewed the Committee's findings and certified their action. Petitioner was found guilty of a code 112 violation, use of alcohol. Petitioner was sanctioned by the forfeiture of 41 days good conduct time and 49 days of non-vested good conduct time. Petitioner also lost his early release date under the Residential Drug Treatment Program and his release date of August 3, 2015 was changed to August 3, 2016. Petitioner was advised of his right to appeal to the North Central Regional Office.

Petitioner filed his petition for writ of habeas corpus on September 15, 2015, in which he challenged the disciplinary action and resultant sanctions. Petitioner attached to his petition an Administrative Remedy Request that he filed with the Regional Office of Administrative Appeals. The Regional Office received this appeal on September 22, 2015. A response to petitioner's appeal is due on November 21, 2015. No decision has been rendered on the appeal yet. [1]

Respondent moved to dismiss on the ground that petitioner failed to exhaust his administrative remedies prior to filing the habeas petition.

## II. Discussion

The petition for writ of habeas corpus is subject to dismissal because petitioner failed to exhaust his administrative remedies prior to filing his petition.

A federal habeas corpus petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Luedtke v. Berkebile,* 704 F. 3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center,* 473 F. 3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). The failure to exhaust administrative remedies is an affirmative defense that the respondent is required to prove. *See e.g. Luedtke,* 704 F. 3d at 466.

The Bureau of Prisons maintains an extensive administrative remedy procedure "through which an inmate may seek formal review of a complaint which

---

[1] *See* Respondent's Exhibit 6.

3

relates to any aspect of his imprisonment if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10.  Pursuant to this administrative procedure, a prisoner who seeks administrative review of a complaint concerning the BOP must apply to the warden or community corrections manager, to the Regional Director, and to the Office of General Counsel for relief. *See Mazzanti v. Bogan,* 866 F. Supp. 1029, 1032 (E.D. Mich. 1994)(citing 28 C.F.R. §§ 542.11, 542.13, and 542.15).

Petitioner failed to rebut the respondent's argument that he did not exhaust his administrative remedies prior to filing his habeas petition.  Petitioner's appeal remains pending before the Regional Director and if petitioner loses the appeal, he would be required to appeal to the Office of General Counsel in order to exhaust his claim.

Although there is a futility exception to the exhaustion requirement, *See Fazzini,* 473 F. 3d at 236 (citing *Aron v. LaManna,* 4 Fed. Appx. 232, 233 (6th Cir. 2001)), petitioner failed to allege or to show that it would be futile to exhaust his claim.

Because petitioner failed to exhaust his available administrative remedies, his petition is subject to dismissal. *See e.g. Gates-Bey v. U.S. Parole Com'n,* 9 Fed. Appx. 308, 310 (6th Cir. 2001).

### III.  ORDER

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DISMISSED WITHOUT PREJUDICE.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. The Court will grant petitioner leave to appeal *in forma pauperis* because any appeal would be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

S/Arthur J. Tarnow  
Arthur J. Tarnow  
Senior United States District Judge

Dated: January 5, 2016

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on January 5, 2016, by electronic and/or ordinary mail.

S/Catherine A. Pickles  
Judicial Assistant